[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13620
Non-Argument Calendar

————————————————

D.C. Docket No. 1:18-cr-20012-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CIN MUN TUANG,
a.k.a. Kam Sian Lian,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 12, 2019)

Before TJOFLAT, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Cin Mun Tuang appeals his convictions for unlawful procurement of citizenship or naturalization and misuse of evidence of citizenship or naturalization.  He argues that the admission of his applications for Lawful Permanent Residency ("LPR") and asylum, the jury instructions, and the government's closing argument constructively amended the indictment, in violation of the Fifth Amendment.  After review,[1] we affirm.

A constructive amendment to an indictment occurs when the theory or evidence presented by the government or the jury instructions alter the essential elements of the offense contained in the indictment to broaden the possible bases for conviction beyond what is charged.  *United States v. Leon*, 841 F.3d 1187, 1192 (11th Cir. 2016).  Reversal is required when a district court constructively amended the indictment and the defendant preserved the issue for appeal.  *Id.*

---

[1] The parties dispute the standard of review—the Government asserts plain-error review applies because Tuang failed to properly preserve his argument that the admission of evidence concerning his LPR and asylum applications was improper, while Tuang maintains this Court should review his claims *de novo*.  The record shows Tuang objected to the Government's introduction of both his LPR and asylum applications, arguing they were not relevant because the indictment charged him only with making false statements in the procurement of naturalization, not in pursuing asylum or LPR status.  He did not, however, specifically argue that the admission of these documents—as well as the subsequent reference to them in the jury instructions and the Government's closing arguments—constructively amended the indictment. In any case, we need not definitively resolve whether Tuang's objection to the admission of the applications was sufficient to preserve for appeal his argument that the indictment was constructively amended, as we would affirm his convictions even under *de novo* review.  *See United States v. Sammour*, 816 F.3d 1328, 1335 (11th Cir. 2016) (stating we review *de novo* whether an indictment was constructively amended at trial).

Here, the jury instructions, closing argument, and evidence did not constructively amend the indictment because they did not expand the essential elements of the offense beyond what was charged.  Tuang was charged under 18 U.S.C. § 1425(a), which makes it a crime to "knowingly procure[] or attempt[] to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship."  18 U.S.C. § 1425(a).  The statute requires the government to prove that an illegal act by the defendant played some role in his acquisition of citizenship.  *Maslenjak v. United States*, 137 S. Ct. 1918, 1923 (2017).

Tuang's asylum status was a required prerequisite to attaining LPR status, which in turn was a required prerequisite to attaining naturalization.  *See* 8 U.S.C. § 1159, 1429.  Thus, the district court's inclusion in its jury instructions that the conviction could be based on a finding that Tuang lied on his asylum application, LPR application, or naturalization application did not add bases for conviction that were not charged in the indictment.  *See Leon*, 841 F.3d at 1192.  Rather, the instruction explained the proper bases on which a conviction under § 1425(a) may be found.  *See United States v. Chahla*, 752 F.3d 939, 947 (11th Cir. 2014) (indicating a conviction under § 1425(a) may be based on fraudulent statements made to obtain a statutorily required intermediate immigration status).  Likewise,

3

the government's closing argument did not constructively amend the indictment because it merely repeated the jury instructions' correct statement of the law.

As to the admission of Tuang's LPR and asylum applications, because Tuang's alleged illegal act was making false statements, the government was required to prove that he lied about facts that would have mattered to an immigration official because they would have justified denying naturalization or would have led the official to conduct further investigation that would have turned up facts justifying that result. *See Maslenjak*, 137 S. Ct. at 1923. The government's introduction of Tuang's LPR and asylum applications was relevant to proving that element of the offense, and it therefore did not constructively amend the indictment. *See Leon*, 841 F.3d at 1192.

**AFFIRMED.**